UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SEAN CRAWFORD,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>ROMEO ARANAS et al.,<br><br>　　　　　　　　Defendants. | Case No.  3:14-cv-00329-MMD-WGC<br><br>ORDER |

## I.    DISCUSSION

### A.    Procedural History

On September 4, 2014, this Court entered a screening order and stayed the case for ninety (90) days to give the parties an opportunity to settle their dispute. (Dkt. no. 7.) The Court permitted the portion of Count I alleging deliberate indifference to serious medical needs to proceed against Defendants Dr. Aranas, Dressen, Dressler, Gutierrez, Dr. Sanchez, Dr. Su, and Dr. McAffee. (*Id.* at 8.) The Court ordered that no other pleadings or papers shall be filed during the stay. (*Id.*)

On September 10, 2014, Plaintiff filed a motion for preliminary injunction. (Dkt. no. 10.) On September 23, 2014, Defendants entered a limited notice of appearance for the purpose of engaging in settlement discussions. (Dkt. no. 11.) On September 25, 2014, Defendants filed a motion seeking guidance as to whether they should respond to the merits of Plaintiff's motion for preliminary injunction despite the stay. (Dkt. no. 12.)

**B.     Complaint**

In the complaint, Plaintiff alleged the following: In the middle of June 2012, Plaintiff spoke to Dr. Aranas and explained that the medication Dr. Aranas had prescribed for acid reflux had not been helping. (Dkt. no. 8 at 6.) Plaintiff told Dr. Aranas that he had been in constant pain from his throat to his solar plex, had extreme heart burn pain, and vomiting. (*Id.*) Plaintiff asked to see a specialist but Dr. Aranas told Plaintiff to continue taking omeprazole if the pain did not go away and that he would request a consult with a gastroenterologist. (*Id.*) Plaintiff continued to submit medical kites about his pain and, in return, only received Tylenol. (*Id.*) At different times, Plaintiff explained to both Dr. Aranas and Dr. Sanchez that Tylenol made his esophageal condition worse because he would spit up blood. (*Id.*)

On October 31, 2012, Plaintiff submitted a medical kite and asked to see a specialist to determine whether Plaintiff had esophageal ulcers. (*Id.*) On November 28, 2012, his grievance was denied. (*Id.*) Throughout the first nine months of 2013, Plaintiff wrote medical kites and saw Dr. Sanchez and Dr. Aranas and complained that the omeprazole and the antacids were not helping and that he was in constant pain. (*Id.*) During that period of time, Plaintiff received a couple of blood tests, a stool test, and a chest x-ray. (*Id.* at 6-7.) On September 20, 2013, Plaintiff filed an informal grievance to see a specialist. (*Id.* at 7.) Ben Gutierrez answered Plaintiff's grievance and stated that his medical concerns were being addressed and that diagnostic exams had been ordered. (*Id.*) On October 30, 2013, Plaintiff filed a first level grievance about his need to see a specialist. (*Id.*) Cheryl Dressler answered that, on November 30, 2013, Dr. Sanchez had requested a gastrointestinal consult for Plaintiff with the utilization committee. (*Id.*) Frank Dreesen had not timely responded to Plaintiff's grievance. (*See id.* at 8.)

On December 12, 2013, Plaintiff saw Dr. Sean Su and asked when he would see a gastroenterologist specialist. (*Id.*) Dr. Su said that an appointment had been made for Plaintiff for December 20, 2013, at the University Medical Center ("UMC") in Las Vegas.

1  (*Id.*) On January 21, 2014, Plaintiff saw Dr. Su and asked him what had happened to his
2  appointment. (*Id.* at 8-9.) Dr. Su stated that Plaintiff was still being reviewed by the
3  utilization review panel. (*Id.* at 9.) According to Plaintiff, his file states that the panel had
4  approved his gastrointestinal consult on November 26, 2013. (*Id.*)

5  On February 21, 2014, Plaintiff asked Gutierrez about his gastrointestinal
6  consult. (*Id.*) Gutierrez told Plaintiff that UMC had notified Southern Desert Correctional
7  Center ("SDCC") medical that they no longer take Nevada Department of Correction
8  ("NDOC") inmates. (*Id.*) Gutierrez told Plaintiff that prison officials were going to transfer
9  Plaintiff to the medical yard at the Northern Nevada Correctional Center ("NNCC"). (*Id.*)
10 In April 2014, Plaintiff, who was still in pain, saw Dr. Sanchez. (*Id.*) Dr. Sanchez wanted
11 to know why Plaintiff had not seen a gastrointestinal specialist. (*Id.*)

12 On April 24, 2014, prison officials transferred Plaintiff to NNCC. (*Id.*) On April 29,
13 2014, Plaintiff saw Dr. McAffee. (*Id.*) Dr. McAffee said that he would recommend that
14 Plaintiff get an endoscopic exam. (*Id.*) Plaintiff told Dr. McAffee that he already had
15 been approved by the panel for that exam. (*Id.*) Dr. McAffee told Plaintiff that it was his
16 own recommendation that needed to be approved. (*Id.*) Plaintiff asserts that, if he
17 needed Dr. McAffee's approval, then prison officials should have sent him to NNCC in
18 June 2012. (*Id.* at 10.) While at NNCC, Plaintiff has written eleven (11) medical kites
19 from May 5, 2014, through June 9, 2014, for his pain, difficulty breathing, and vomiting,
20 but has not seen anyone from medical. (*Id.*) As of the date of the complaint, June 12,
21 2014, Plaintiff had been waiting forty-four (44) days for an endoscopic exam. (*Id.* at 10,
22 15.)

23 **C.   Motion for Preliminary Injunction**

24 In the motion for preliminary injunction, Plaintiff alleges the following: Plaintiff
25 fears for his life because his health is declining at a rapid rate. (Dkt. no. 10 at 2.) Plaintiff
26 has constant pain in his chest, back, a shortness of breath, and no strength. (*Id.*) Since
27 arriving at NNCC on April 24, 2014, Plaintiff has submitted over eighteen (18) medical
28 kites about his pain and finally saw a doctor on September 3, 2014. (*Id.*) That doctor

3

told Plaintiff that he should learn to meditate. (*Id.*) Plaintiff believes that Dr. Aranas had directed the NNCC medical staff to offer less efficacious treatment by failing to inquire further into and treat Plaintiff's severe pain. (*Id.*) Plaintiff notes that it took him over eight (8) months to get an endoscopic exam, which finally occurred on June 23, 2014. (*Id.*) Plaintiff states that he needs a CT exam. (*Id.*) Plaintiff states that the medical staff's failure to respond to Plaintiff's ongoing complaints of chronic and debilitating pain constitutes deliberate indifference. (*Id.* at 3.) The NDOC needs to start taking Plaintiff's medical needs seriously and get him a CT exam to help him figure out what is wrong. (*Id.*) Plaintiff seeks a CT exam and a specialist to help him figure out what is wrong. (*Id.*)

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (*quoting Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard — that the deprivation was serious enough to constitute cruel and unusual punishment — and

///

a subjective standard — deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Additionally, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

The Court denies Plaintiff's motion for preliminary injunction (dkt. no. 10). Based on the allegations, Plaintiff seeks an injunction because he wants this Court to order him a CT exam and to order him to see a specialist. Based on the allegations in the motion, Plaintiff appears to have a difference of opinion with the prison medical authorities as to what his next course of treatment should be. Plaintiff has not established that the absence of an immediate CT exam is medically unacceptable under the circumstances or that the medical staff is not providing a CT exam in conscious disregard of an excessive risk to Plaintiff's health.

The Court grants Defendants' motion requesting instructions (dkt. no. 12). Defendants do not have to file a response to the motion for preliminary injunction.

**II.   CONCLUSION**

For the foregoing reasons, it is ordered that the motion for preliminary injunction (dkt. no. 10) is denied.

It is further ordered that the motion requesting instructions (dkt. no. 12) is granted. Defendants shall not file a response to the motion for preliminary injunction.

///

It is further ordered that, during the remainder of the 90-day stay, no other pleadings or papers shall be filed in this case, and the parties shall not engage in any discovery.

DATED THIS 30th day of September 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE